1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RONALD LEE BURLEY,                      No.  2:16-cv-485-EFB

11               Plaintiff,

12        v.                                 ORDER

13   NANCY A. BERRYHILL, Acting
     Commissioner of Social Security
14
                Defendant.
15

16

17        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

18   ("Commissioner") denying his application for a period of disability and Disability Insurance

19   Benefits ("DIB") under Title II of the Social Security Act.  The parties have filed cross-motions

20   for summary judgment.  For the reasons discussed below, plaintiff's motion for summary

21   judgment is granted, the Commissioner's motion is denied, and the matter is remanded for further

22   proceedings.

23   I.    BACKGROUND

24        Plaintiff filed an application for a period of disability and DIB, alleging that he had been

25   disabled since February 8, 2014.  Administrative Record ("AR") 138-146.  Plaintiff's application

26   was denied initially and upon reconsideration.  *Id.* at 95-99, 101-105.  On September 25, 2015, a

27   hearing was held before administrative law judge ("ALJ") Evangelina P. Hernandez.  *Id.* at 35-60.

28   Plaintiff was unrepresented at the hearing, at which he and a vocational expert testified.  *Id.*

                                                1

On September 25, 2015, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1]  *Id*. at 20-30.  The ALJ made the following specific findings:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.

2.  The claimant has not engaged in substantial gainful activity since February 8, 2014, the alleged onset date (20 CFR 404.1571 *et seq*.).

3.  The claimant has the following severe impairments: affective disorders; obesity; asthma; diabetes mellitus; anxiety disorders (20 CFR 404.1520(c)).

    * * *

---

[1]  Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq*.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(a)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  *Yuckert*, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  *Id.*

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

* * *

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: can occasionally climb ladders, ropes, or scaffolds; can frequently climb ramps and stairs; can frequently balance, stoop, kneel, crouch, or crawl; must avoid concentrated exposure to extreme cold, extreme heat, fumes, odors, dust, gases, and poor ventilation; work is limited to simple, as defined in the DOT as SVP levels 1 and 2 routine and repetitive; must work in low stress job as defined as having only occasional decision making, changes in the work setting, and interaction with the general public.

* * *

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

* * *

7.  The claimant was born on October 4, 1964 and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.  The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 8, 2014, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 22-30.

Plaintiff's request for Appeals Council review was denied on January 27, 2016, leaving the ALJ's decision as the final decision of the Commissioner.  *Id.* at 1-6.

3

1  II.     LEGAL STANDARDS

2          The Commissioner's decision that a claimant is not disabled will be upheld if the findings

3  of fact are supported by substantial evidence in the record and the proper legal standards were

4  applied.  *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000);

5  *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*,

6  180 F.3d 1094, 1097 (9th Cir. 1999).

7          The findings of the Commissioner as to any fact, if supported by substantial evidence, are

8  conclusive.  *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985).  Substantial evidence is

9  more than a mere scintilla, but less than a preponderance.  *Saelee v. Chater*, 94 F.3d 520, 521 (9th

10  Cir. 1996).  "'It means such evidence as a reasonable mind might accept as adequate to support a

11  conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v.

12  N.L.R.B.*, 305 U.S. 197, 229 (1938)).

13          "The ALJ is responsible for determining credibility, resolving conflicts in medical

14  testimony, and resolving ambiguities."  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir.

15  2001) (citations omitted).  "Where the evidence is susceptible to more than one rational

16  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."

17  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

18  III.    ANALYSIS

19          Plaintiff argues that the ALJ erred by (1) rejecting opinions from his examining physician

20  and counselor, and (2) failing to fully develop the record.  ECF No. 15 at 9-13.

21          A.      The ALJ Improperly Rejected Dr. Kalman's Examining Opinion

22          Plaintiff first argues that the ALJ erred by failing to incorporate all limitations assessed by

23  plaintiff's examining physician into his Residual Functional Capacity ("RFC").  *Id*. at 9-10.  The

24  weight given to medical opinions depends in part on whether they are proffered by treating,

25  examining, or non-examining professionals.  *Lester*, 81 F.3d at 834.  Ordinarily, more weight is

26  given to the opinion of a treating professional, who has a greater opportunity to know and observe

27  the patient as an individual.  *Id*.; *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996).  To

28  evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its

4

source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons.  *Lester*, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining medical professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.  *Id*. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). However, "[w]hen an examining physician relies on the same clinical findings as a treating physician, but differs only in his or her conclusions, the conclusions of the examining physician are not 'substantial evidence.'"  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).

Plaintiff's counselor, Jamie Peterson, LCSW, completed a Short-Form Evaluation for Mental Disorders.  AR 339-343.  Counselor Peterson opined that plaintiff's ability to perform activities within a schedule; maintain regular attendance; and understand, remember, and carry out simple instructions was poor, and that his ability to complete a normal workday and workweek without interruptions; interact appropriately with the public, supervisors, and co-workers; and respond appropriately to changes in work settings was poor.  *Id*. at 342.

Plaintiff underwent a psychiatric evaluation, which was completed by Dr. Les Kalman, M.D., Psy.D.  AR 344-347.  On examination, plaintiff's mood was depressed and irritable.  *Id*. at 346.  His affect was restricted and he appeared angry.  *Id*.  Dr. Kalman diagnosed plaintiff with major depression and opined that plaintiff has a decreased ability in maintaining attention, concentration, and memory; withstanding the stress and pressures of daily work activities; dealing with the public, and interacting with supervisors and co-workers.  *Id*. at 347.  It was also Dr. Kalman's opinion that plaintiff was able to understand, remember, and carry out simple one- and two-step job instructions.  *Id*.

The record also contains opinions from Dr. Brady Dalton, Psy.D., and Dr. Margaret Pollack, Ph.D., both non-examining sources.  Dr. Dalton opined that plaintiff was moderately

1   limited in understanding, remembering, and carrying out detailed instructions; maintaining

2   attention and concentration for extended periods of time; performing activities within a schedule

3   and maintaining regular attendance; working in coordination with or in proximity to others

4   without being distracted; and completing a normal workday and workweek without interruption

5   from psychologically-based symptoms. *Id*. at 72.  He further opined that plaintiff was able to

6   interact with co-workers and supervisors on a superficial and non-collaborative basis and capable

7   of brief public contact. *Id*. at 73.  Dr. Dalton concluded that plaintiff was able to perform simple

8   work in settings with minimal social or public demands/interactions. *Id*.  Dr. Pollack concurred

9   with Dr. Dalton's opinion. *Id*. at 89-90.

10          In assessing plaintiff's RFC, the ALJ accorded significant weight to Dr. Kalman's

11   opinion, concluding that it was consistent with the longitudinal medical evidence of record and

12   plaintiff's reported daily activities.  AR 27.  However, as argued by plaintiff, despite giving

13   significant weight to Dr. Kalman's opinion, the ALJ failed to incorporate into plaintiff's RFC

14   material limitations Dr. Kalman assessed.  Significantly, the ALJ's RFC determination fails to

15   account for Dr. Kalman's opinion that plaintiff had a decreased ability to interact with supervisors

16   and co-workers.

17          Social Security Ruling 85-15 provides:

18              The basic mental demands of competitive, remunerative, unskilled
                work include the abilities (on a sustained basis) to understand, carry
19              out, and remember simple instructions; to respond appropriately to
                supervision, coworkers, and usual work situations; and to deal with
20              changes in a routine work setting.

21   SSR 85-15. *See also Little v. Commissioner of Social Sec.*, 780 F. Supp. 2d 1143, 1153 (D. Or.

22   2011) (finding a restriction to unskilled work tasks with limited interaction with the public did not

23   encompass a restriction on interaction with co-workers); 20 CFR § 404.1545 ("[a] limited ability

24   to carry out certain mental activities, such as limitations in . . . responding appropriately to

25   supervision, co-workers and work pressures in a work setting, may reduce your ability to do past

26   work and other work.").

27          Thus, even with the ability to understand and carry out simple one- and two-step

28   instructions in an environment with only occasional public interaction, an individual is unable to

6

1    perform unskilled work if they cannot respond appropriately to supervision and coworkers.

2    While the ALJ purported to give substantial weight to Dr. Kalman's opinion, the ALJ omitted

3    from her RFC determination any limitation regarding plaintiff's ability to interact with co-

4    workers and supervisors, a limitation specifically assessed by Dr. Kalman.  Furthermore, the

5    ALJ's RFC determination assumes no impairment in plaintiff's ability to perform such

6    interactions.  Thus, the ALJ rejected Dr. Kalman's opinion in that regard, but did so without any

7    reason, much less a specific and legitimate one.  This constitutes reversible error.

8            B.      Remand for Further Proceedings

9            "A district court may reverse the decision of the Commissioner of Social Security, with or

10   without remanding the cause for a rehearing, but the proper course, except in rare circumstances,

11   is to remand to the agency for additional investigation or explanation." *Dominguez v. Colvin*, 808

12   F.3d 406, 407 (9th Cir. 2015) (internal quotes and citations omitted).  "Unless the district court

13   concludes that further administrative proceedings would serve no useful purpose, it may not

14   remand with a direction to provide benefits." *Id.*

15           Here, the record indicates that the ALJ failed to adequately consider plaintiff's limitation

16   in interacting with coworkers and supervisors.  Accordingly, remand for further proceedings is

17   appropriate to allow the ALJ to consider whether plaintiff maintains the ability to work in light of

18   such limitations.[2]

19   IV.    CONCLUSION

20           Accordingly, it is hereby ORDERED that:

21           1.  Plaintiff's motion for summary judgment is granted;

22           2.  The Commissioner's cross-motion for summary judgment is denied;

23           3.  The matter is remanded for further proceedings consistent with this order; and

24   /////

25   /////

26   /////

27

28       [2]  Because the matter must be remanded to permit the ALJ to fully evaluate plaintiff's
     impairments, the court declines to address plaintiff's remaining arguments.

1    4.  The Clerk is directed to enter judgment in plaintiff's favor.

2  DATED:  July 26, 2017.

3

4    EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28